IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAFAEL CEBALLOS-CASTILLO,<br><br>    Defendant. | Case No. 6:18-cr-00519-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Now before the Court is defendant Rafael Ceballos-Castillo's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 59. For the reasons set for below, the motion is DENIED.

## BACKGROUND

On January 9, 2019, defendant pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846. ECF No. 53. This plea was part of a negotiated agreement with the government. ECF No. 52.

On April 17, 2019, this Court sentenced defendant to the mandatory minimum 120 months in custody with a five-year term of supervised release to follow. ECF. No. 57. Defendant has been serving his sentence at FCI Sheridan with a projected release date of April 10, 2026.

Defendant filed the present motion to reduce sentence on August 24, 2020. Because the motion was filed pro se, the Court appointed the Federal Public Defender to provide representation in this matter. ECF No. 60. Additional briefing was then allowed, and the Court held oral argument on the motion on November 19, 2020. ECF No. 72.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may

inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Here, the government does not dispute that defendant has exhausted his administrative remedies through the BOP. Accordingly, this motion is properly before the Court.

Defendant is a 52-year-old man who suffers from Type II diabetes and obesity. Defendant argues that these underlying health conditions in the face of the 2019 novel coronavirus (COVID-19) pandemic presents extraordinary and compelling reasons which justify reducing his sentence to one of time served. Indeed, the U.S. Center for Disease Control has identified both conditions risk factors for developing complications from COVID-19.

While defendant's health conditions are concerning and this case presents a close question, the Court also takes notes of the current conditions at FCI Sheridan. Currently, there are no active cases of COVID-19 among inmates at that facility. Moreover, since oral argument in this matter, effective vaccines have begun being distributed to inmates. Currently, the Court does not find extraordinary and compelling reasons exist to reduce defendant's sentence.

Even if the Court were to find extraordinary and compelling reasons in this case, the Court would still not be inclined to grant the motion. At the time he filed this motion, defendant had not served half of his 120-month sentence. Defendant's

underlying criminal activity was significant as he was involved in dealing significant quantities of methamphetamine. The Court finds that the goals of sentencing as outlined in 18 U.S.C. § 3553(a) would not be served by granting such an extensive reduction to defendant's sentence which is already at the low end of his advisory guideline range at the time it was imposed.

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (ECF No. 59) is DENIED.

The Court also recognizes that circumstances can change quickly, so this denial is without prejudice. Defendant may file a renewed motion if his circumstances change and, especially, if the COVID-19 infection rate begins rising again at FCI Sheridan.

IT IS SO ORDERED.

Dated this  28th  day of May 2021.

                                          /s/Ann Aiken

                                           Ann Aiken
                               United States District Judge